

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2003 OCT 17 P 3: 46

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:01 CV 1568 (SRU) |
| | ) | |
| RALPH BELLO; VERA BELLO; VERA | ) | |
| ASSOCIATES LIMITED PARTNERSHIP; | ) | |
| REAL PROPERTY ADDRESSED AT | ) | |
| 16-20 ELM STREET, WEST HAVEN, | ) | |
| CONNECTICUT; and THE | ) | |
| TORRINGTON COMPANY, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DETROIT STEEL CORPORATION; | ) | |
| INDUSTRIAL ENVIRONMENTAL | ) | |
| SERVICES, INC.; | ) | |
| PRATT & WHITNEY; | ) | |
| WESTERN SAND & GRAVEL; | ) | |
| CARPENTER TECHNOLOGY CORP.; | ) | |
| MRM INDUSTRIES, INC.; | ) | |
| ARMSTRONG RUBBER CO.; and | ) | |
| BRIDGEPORT BRASS CO., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## REPORT OF PLANNING MEETING

Plaintiff, the United States of America, filed its amended complaint in this matter on October 4, 2001 ("United States Complaint"). The United States Complaint was served upon defendants Ralph Bello, Vera Bello, Vera Associates Limited Partnership; Real Property Addressed at 16-20 Elm Street, West Haven Connecticut (collectively "the Bello Defendants") on October 4, 2001, and upon defendant The Torrington Company ("Torrington") on or about the same time. The Bello Defendants and Torrington appeared in this action on October 9, 2001 and October 26, 2001, respectively.

On August 15, 2003, Torrington filed a third-party complaint ("Third-Party Complaint") against Detroit Steel Corporation; Industrial Environmental Services, Inc., Pratt & Whitney;

Western Sand & Gravel; Carpenter Technology Corp.; MRM Industries, Inc.; Armstrong Rubber Co.; and Bridgeport Brass Co. (collectively "the Third-Party Defendants"). As of today's date, October 9, 2003, Torrington expects to serve the Third-Party Complaint on the Third-Party Defendants by today or tomorrow. None of the Third-Party Defendants have entered an appearance in this matter.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 6, 2003. The participants were

Addie Fiske for plaintiff United States;
David Monz for defendant Torrington; and
Ikechukwu Umeugo for the Bello Defendants.

I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. Jurisdiction

A. *Subject Matter Jurisdiction*: This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and Section 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(b).

B. *Personal Jurisdiction:* As of today's date, personal jurisdiction is not contested in this matter.

III. Brief Description of the Case

A. *Claims of Plaintiff*: The United States is seeking cost recovery under CERCLA in connection with the removal of hazardous substances undertaken by the United States Environmental Protection Agency ("EPA") at the National Oil Superfund Site, located at 16-20 Elm Street, in West Haven, Connecticut. For years, the Site was operated by National Oil, a defunct waste oil recycling company, which abandoned thousands of gallons of waste oil and sludge in above ground storage tanks on the Site. The Bello Defendants are the current owners of the Site (except for the in rem Bello Defendant, the Real Property located at 16-20 Elm Street). Defendant Torrington and the Third-Party Defendants sent waste oil, containing hazardous substances, to the Site.

2

B. *Defenses and Claims*
(*Counterclaims, Third-Party Claims, Cross Claims*) *of Defendants*: The Bello Defendants claim they are innocent landowners and that the Defendants took necessary steps to notify the authorities. The United States argues that this defense fails because the Bello Defendants had a direct relationship with the company that operated the waste oil recycling business – National Oil – including the fact that the Bello Defendants leased the Site to National Oil. The Bello Defendants also cross claim against Torrington for contribution and Torrington has moved to dismiss the claim.

Torrington claims that, at the time of the EPA removal, there was no "release" or "threatened release" of hazardous substances – a legal prerequisite to the exercise of EPA's removal activities. Torrington also claims that its waste was not present, or only present in a small amount, at the time of EPA's removal activities. Finally, Torrington claims that there is a reasonable basis upon which to apportion liability in this case and, therefore, joint and several liability is neither warranted nor appropriate. The United States argues that there was a release or threatened release of hazardous substances at the Site, including a release or threatened release of an undeterminable volume of Torrington's waste. Because the precise volume of Torrington's waste on Site is unknown, the United States contends that Torrington is jointly and severally liable.

Torrington filed the Third-Party Complaint seeking contribution from the Third-Party Defendants. The Third-Party Defendants are alleged to have sent waste oil, containing hazardous substances, to the Site.

C. *Defenses and Claims of Third-Party Defendants*: To date, the Third-Party Defendants have not answered the Third-Party Complaint.

IV. Statement of Undisputed Facts

Counsel respectfully request to defer the submission of undisputed facts until 30 days after such time that the Third-Party Defendants have responded to the Third-Party Complaint. At this point, a number of the Third-Party Defendants have not appeared in the matter, and their counsel has not been identified. Accordingly, it is not possible to jointly propose a statement of undisputed facts.

V. Case Management Plan

A. *Standing Order on Scheduling in Civil Cases:* Counsel respectfully request to defer the submission regarding the Standing Order on Scheduling in Civil Cases until 30 days after such time that the Third-Party Defendants have responded to the Third-Party Complaint. As noted, above, until counsel for the Third-Party Defendants have been identified, it is not possible to jointly propose scheduling obligations.

3

B. *Scheduling Conference with the Court*:  Counsel respectfully request to defer the submission regarding the scheduling conference with the Court until 30 days after such time that the Third-Party Defendants have responded to the Third-Party Complaint.  As noted, above, until counsel for the Third-Party Defendants have been identified, it is not possible to jointly propose scheduling obligations.

C. *Early Settlement Conference*:

1. Counsel certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  The United States and Torrington, and the United States and the Bello Defendants, have already met for the purpose of discussing settlement and have exchanged settlement offers; however, the parties have reached an impasse.

2. Counsel respectfully request a settlement conference at the Court's earliest convenience.

D. *Joinder of Parties and Amendment of Pleadings*:

1. Plaintiff should be allowed until 120 days after the Third-Party Defendants have responded to the Third-Party Complaint to file motions to join additional parties and to file motions to amend the pleadings.

2. Defendants should be allowed until 120 days after the Third-Party Defendants have responded to the Third-Party Complaint to join additional parties.  The Third-Party Defendants shall file a response to the Third-Party Complaint within the time frame required by the Federal Rules of Civil Procedure.

E. *Discovery*:

1. Counsel anticipates that discovery will be needed on at least the following subjects:
    a. Who sent how much waste to the Site and when;
    b. What was contained in the waste;
    c. What happened to the waste once it arrived at the Site;
    d. When was waste sent off-Site and how much was sent off-Site;
    e. What was the nature of the Bello Defendants involvement at the Site;
    f. What costs has the government incurred in connection with the Site;
    g. Were the government's actions consistent with the National Contingency Plan;
    h. The presence of hazardous substances at the Site;
    i. Whether there existed a "release" or "threatened release" of hazardous substances at the time EPA initiated and pursued the removal activities; and
    j. Whether there is a reasonable basis for the apportionment of the EPA's removal

4

costs.

2. Counsel respectfully requests to defer the submission regarding the scheduling of all discovery, including depositions of experts witnesses, until 30 days after such time as the Third-Party Defendants have responded to the Third-Party Complaint. As noted, above, until counsel for the Third-Party Defendants have been identified, it is not possible to jointly propose scheduling obligations.

F. *Dispositive Motions*:  Dispositive motions may be filed anytime until 60 days after the close of factual and expert discovery in this matter or otherwise ordered by the Court.

G. *Remaining Requirements*:  Counsel respectfully requests to defer submission regarding the following items until 30 days after such time as the Third-Party Defendants have responded to the Third-Party Complaint:
1. The timing of the filing of the Joint Trial Memorandum; and
2. Date by which the case will be ready for trial.
As noted, above, until counsel for the Third-Party Defendants have been identified, it is not possible to jointly propose scheduling obligations.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully Submitted,
THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

*CA Fiske*
CATHERINE ADAMS FISKE  ct 16417
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
One Gateway Center -- Suite 616
Newton, MA 02458
(617) 450-0444 (phone)
(617) 450-0448 (fax)

JOHN A. DANAHER, III
United States Attorney
District of Connecticut

JOHN B. HUGHES
Assistant United States Attorney
U.S. Attorney's Office
District of Connecticut
Connecticut Financial Center
157 Church Street
New Haven, Connecticut  06510

OF COUNSEL:

STEVEN SCHLANG
Senior Enforcement Counsel
U.S. Environmental Protection Agency
Region I
One Congress Street, Suite 1100
Boston, MA  02114-2023

Defendant, Third-Party Plaintiff,
The Torrington Company

By: _David Monz / CHF_____
      David Monz, Esq.
      Federal Bar Number ct07061
      Updike, Kelly, & Spellacy, P.C.
      265 Church Street, 10th floor
      New Haven, CT 06510

6

Defendants, Cross-Claim Plaintiffs,
The Bello Defendants


By: _Ikechukwu Umeugo /cM F_
Ikechukwu Umeugo
Their Attorney  Ct 04536
Umeugo and Associates, P.C.
840 Orange Avenue, 2d floor
West Haven, CT 06516