

RECEIVED
NOV 19 2003



## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br>V.<br><br>RALPH BELLO; VERA BELLO; VERA<br>ASSOCIATES LIMITED PARTNERSHIP;<br>REAL SITE ADDRESSED AT 16-20 ELM<br>STREET, WEST HAVEN, CONNECTICUT;<br>and THE TORRINGTON COMPANY,<br>    Defendants<br><br>V.<br><br>DETROIT STEEL CORPORATION;<br>INDUSTRIAL ENVIRONMENTAL<br>SERVICES, INC.; PRATT & WHITNEY;<br>WESTERN SAND & GRAVEL;<br>CARPENTER TECHNOLOGY CORP.; MRM<br>INDUSTRIES, INC.; ARMSTRONG<br>RUBBER CO.; and BRIDGEPORT BRASS<br>CO.,<br>    Third-Party Defendants. | CIVIL NO. 3:01 CV (1568) SRU<br><br><br><br><br><br><br><br><br><br><br><br>NOVEMBER 18, 2003 |

## ANSWER AND AFFIRMATIVE DEFENSE OF THIRD-PARTY DEFENDANT PRATT & WHITNEY

The third-party defendant, Pratt & Whitney, a division of United Technologies

Corporation ("Pratt & Whitney"), pursuant to the provisions of Rule 8 of the Federal Rules of

Civil Procedure hereby file their Answer and Affirmative Defenses to the Defendant/Third-Party

Plaintiff's Third-Party/Apportionment Complaint of August 29, 2003 ("Complaint"), as follows:

## ANSWER

1.      Paragraph 1 of the Complaint states a legal conclusion to which no response is required.

2.      Paragraph 2 of the Complaint states a legal conclusion to which no response is required.

3.      Paragraph 3 of the Complaint states a legal conclusion to which no response is required.

4.      Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

5.      Pratt & Whitney admits the allegation in paragraph 5.

6.      Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

7.      Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

8.      Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

9.      Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

10.     Pratt & Whitney admits the allegation contained in paragraph 10.

11.     Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

12.     Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

13.     Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

14.     Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

15.     Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

16.     Pratt & Whitney admits that it did and does business in the State of Connecticut. As to the truth of the remaining allegations in paragraph 16, Pratt & Whitney is without

knowledge or information sufficient to for a belief at to the truth of such allegations, and leaves the Defendant/Third-Party Plaintiff to its proof.

17.    Pratt & Whitney admits that it is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. 9601(21), but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

## **FACTUAL BACKGROUND**

18.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

19.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

20.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

21.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

22.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

23.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

24.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

25.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

26.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

27.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

28.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

29.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

30.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

31.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

32.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

33.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

34.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

35.    Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

## CLAIM FOR RELIEF

36.   Pratt & Whitney reiterates and incorporates its answers to the allegations of Defendant/Third-Party Plaintiff's Complaint contained in Pratt & Whitney's paragraphs 1 through 35 above, as if fully set out herein, in response to the allegations of paragraph 36 of the Complaint.

37.   Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

38.   Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

39.   Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

40.   Paragraph 40 of the Complaint states a legal conclusion to which no response is required.

41.   Pratt & Whitney denies the allegations in paragraph 41 as it relates to Defendant/Third-Party Plaintiff's allegation that it is entitled to contribution under Section 113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1), from Pratt & Whitney. Pratt & Whitney is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 41 of the Complaint and leaves the Defendant/Third-Party Plaintiff to its proof.

## AFFIRMATIVE DEFENSE

### FIRST AFFIRMATIVE DEFENSE

Pratt & Whitney is not liable under Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") or otherwise to the extent any release or threat of release at issue in this action and any injuries, costs, damages, and expenses allegedly associated therewith for which Defendant/Third-Party Plaintiff seeks to recover were caused solely by:

(1) an act of God; or

(2) an act or omission of a third party other than an employee or agent of Pratt & Whitney, or a person whose act or omission occurred in connection with a contractual relationship with Pratt & Whitney, and Pratt & Whitney (a) exercised due care with respect to any hazardous substance allegedly involved, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions; or

(3)    a combination of the foregoing.

RESPECTFULLY SUBMITTED
THIRD-PARTY DEFENDANT,
PRATT & WHITNEY

By_____
Eric Lukingbeal
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Federal Bar No.: ct05965
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: elukingbeal@rc.com

# CERTIFICATION

This is to certify that a copy of the foregoing was mailed, on November 18, 2003, postage

prepaid, to:

| | |
|---|---|
| John B. Hughes, Esq.<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>157 Church Street, 23rd Floor<br>New Haven, CT  06510 | Catherine Adams Fiske, Esq.<br>U.S. Dept. of Justice<br>Environmental Enforcement Section<br>One Gateway Center, Suite 616<br>Newton, MA  02458 |
| Ikechukwu Umeugo<br>Umeugo & Associates, P.C.<br>840 Orange Avenue<br>West Haven, CT  06516 | Lawrence W. Puckett<br>Environmental Enforcement Section<br>Environmental and Natural Resources Division<br>U.S. Dept. of Justice<br>P.O. Box 7611<br>Washington, DC  20044-7611 |
| Catherine R. McCabe, Deputy Chief<br>Environmental Enforcement Section<br>Environmental and Natural Resources Division<br>U.S. Dept. of Justice<br>P.O. Box 7611<br>Washington, DC  20044-7611 | Detroit Steel Corp.<br>650 Washington Road<br>Pittsburgh, PA  15228 |
| Industrial Environmental Services, Inc.<br>785 Middle Street<br>Bristol, CT  06010 | Western Sand & Gravel, Inc.<br>368 Douglas Turnpike<br>Harrisville, RI  02830 |
| Carpenter Technology<br>1047 North Park Road<br>Wyomissing, PA  19610 | MRM Industries, Inc.<br>c/o Fred A. Hitt, Esq.<br>350 South Main Street<br>Cheshire, CT  06410 |
| Armstrong Rubber Co.<br>500 Sargent Drive<br>P.O. Box 2001<br>New Haven, CT  06604 | Bridgeport Brass Co.<br>30 Grand Street<br>Bridgeport, CT  06604 |

Eric Lukingbeal