FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 NOV 26  P 2: 24

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> Plaintiff, : <br> v. : <br> THE TORRINGTON COMPANY : <br> Defendant and Third-Party Plaintiff, : <br> v. : <br> CARPENTER TECHNOLOGY CORP. : <br> Third-Party Defendant. : | Case No. 3:01 CV (1568) SRU |

## ANSWER OF CARPENTER TECHNOLOGY CORPORATION

Third-Party Defendant Carpenter Technology Corporation ("Carpenter"), by and through its attorneys Dechert LLP, hereby answers the Defendant/Third-Party Plaintiff The Torrington Company's ("Torrington") Third-Party/Apportionment Complaint ("Complaint") as follows:

### JURISDICTION AND VENUE

1-3.   Denied.  Carpenter denies the averments in paragraphs 1 through 3 of the Complaint as conclusions of law to which no response is required.  To the extent that these paragraphs can be interpreted to contain factual averments, such averments are denied.

863543.2.50 11/26/2003 11:52 AM

## THE PARTIES

4-11.   Denied. Carpenter is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 4 through 11 of the Complaint, and such averments are denied.

12.   Admitted.

13-15. Denied. Carpenter is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 13 through 15 of the Complaint, and such averments are denied.

16.   Admitted in part, denied in part. Carpenter admits that it owned and operated a steel mill in Bridgeport, Connecticut, from 1957 to 1988. Carpenter is without knowledge or information sufficient to form a belief as to the truth of the averment that this was "at relevant times" and such averment is denied. Carpenter neither admits nor denies the averments with respect to the other Third-Party Defendants, as it is without knowledge or information sufficient to form a belief as to the truth of those averments.

17.   Denied. Carpenter denies the averments in paragraph 17 of the Complaint as conclusions of law to which no response is required. To the extent that this paragraph can be interpreted to contain factual averments, such averments are denied.

## FACTUAL BACKGROUND

18-31. Denied. Carpenter is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 18 through 31 of the Complaint, and such averments are denied.

32.   Denied.

33-35. Denied. Carpenter is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 33 through 35 of the Complaint, and such averments are denied.

## CLAIM FOR RELIEF

36. Carpenter repeats and restates its responses to paragraphs 1 through 35 of the Complaint, inclusive, as if fully set forth herein.

37-39. Denied. Carpenter is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 37 through 39 of the Complaint, and such averments are denied.

40-41. Denied. Carpenter denies the averments in paragraphs 40 through 41 of the Complaint as conclusions of law to which no response is required. To the extent that these paragraphs can be interpreted to contain factual averments, such averments are denied.

## AFFIRMATIVE DEFENSES

1. Torrington's Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Torrington's claim is barred in whole or in part by the applicable statute of limitations.

3. Torrington's claim is barred in whole or in part by the doctrines of waiver, laches, and/or estoppel.

4. Torrington's claim is barred in whole or in part, by unclean hands.

5. Torrington's claim is barred in whole or in part by its own conduct.

6. Torrington's claim is barred in whole or in part for failure to join indispensable parties.

7. Torrington's claim is barred in whole or in part by its failure to mitigate damages.

8. Torrington is not entitled to an award of legal or equitable relief under the facts and circumstances present.

9. At all times relevant, Carpenter acted with due care, complied with all applicable laws, regulations and/or standards, and conducted itself reasonably and prudently.

10. The acts or omissions of Carpenter were not an actual cause, "but for" cause, contributing factor, or substantial factor in causing the alleged injury complained of by Torrington.

11. Any damages alleged in the Complaint were caused by a person or persons over whom Carpenter has no control, and for whose conduct Carpenter is not responsible. As such, Carpenter is not legally responsible for any such damages.

12. Any damages alleged in the Complaint were caused, in whole or in part, by Torrington, over whom Carpenter had no control and for whose conduct Carpenter is not responsible. As such, Carpenter is not legally responsible for any such damages.

13. If this Court permits Torrington to recover any sums from Carpenter, those sums must be limited to that portion of damages which are attributable to the actions of Carpenter and which exceed the portion of any damages attributable to other entities, including but not limited to Torrington and any other entities that plaintiff has joined or failed to join in this action.

14. Actual or threatened releases of hazardous substances, if any, were caused solely by the acts or omissions of third parties who are not employees or agents of Carpenter and those

acts or omissions did not occur in connection with any contractual relationship existing directly or indirectly with Carpenter.

15. The conditions alleged in Torrington's Complaint, if true, were the result of superseding or intervening acts and omissions on the part of third parties over whom Carpetner did not exercise any discretion or control and, at all relevant times, Carpenter has exercised due care and taken all reasonable precautions against such acts or omissions and their reasonably foreseeable consequences.

16. Response actions, including those taken by Torrington, if any, were not consistent with the National Contingency Plan.

17. Some or all of the costs incurred, including those incurred, if any, by Torrington, are not response costs as that term is defined in Section 101(25) of CERCLA.

18. Response costs, including those, if any, incurred by Torrington, were not incurred consistent with the National Contingency Plan.

19. To the extent that Carpenter is found liable in this matter, joint and several liability is inappropriate because there are distinct harms or a reasonable basis for apportionment of the harms suffered.

20. Carpenter hereby asserts and adopts all other defenses which have been or will be asserted at any time by any other defendant or party to this action to the extent said defenses are applicable to Carpenter.

WHEREFORE, Defendant Carpenter Technology Coproation respectfully requests that this Court enter an order granting judgment in their favor and against the third-party plaintiff, together with costs, attorneys' fees, and such other and further relief as the Court deems just.

Respectfully Submitted,

Katherine A. Burroughs (Id. No. CT 03233)
Dechert LLP
90 State House Square
Hartford, CT 06103-3702
*phone:* (860) 524-3953
*fax:* (860) 524-3930

Dated: November 26, 2003

## CERTIFICATE OF SERVICE

I, Katherine Ann Burroughs, do hereby certify that on this date I caused a copy of the foregoing Answer of Carpenter Technology Corporation to be served by U.S. First Class Mail upon the following:

>David J. Monz, Esquire
>Updike, Kelly & Spellacy, P.C.
>One Century Tower
>265 Church Street, 10th Floor
>New Haven, CT  06510
>
>Scott N. Koschwitz
>Updike, Kelly & Spellacy, P.C.
>One State St., P.O. Box 231277
>Hartford, CT 06123-1277
>
>*Attorneys Third-Party Plaintiff*
>*The Torrington Company*
>
>Gian-Matthew Ranelli
>Joseph P. Williams
>Shipman & Goodwin
>One American Row
>Hartford, CT 06103-2819
>
>*Attorneys for Third-Party Defendant*
>*Armstrong Rubber Co.*
>
>Eric Lukingbeal
>Robinson & Cole
>280 Trumbull St.
>Hartford, CT 06103-3597
>
>*Attorney for Third-Party Defendant*
>*Pratt & Whitney*

Date:  November 26, 2003

Katherine A. Burroughs