UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | CIVIL ACTION NO.<br>3:01 CV 1568 (SRU) |
| v. | |
| RALPH BELLO, et al.,<br>    Defendants and Third-Party Plaintiffs, | |
| v. | |
| DETROIT STEEL CORPORATION, et al.,<br>    Third-Party Defendants. | DECEMBER 19, 2003 |

2003 DEC 22 A 10: 35
US DIST...
DIST...

## ANSWER OF THE ARMSTRONG RUBBER COMPANY

Third-party defendant The Armstrong Rubber Company, n/k/a Pirelli Tire LLC ("Armstrong"), hereby answers the defendant/third-party plaintiff The Torrington Company's ("Torrington") Third-Party/Apportionment Complaint dated August 29, 2003 ("Complaint") as follows:

### JURISDICTION AND VENUE

1. The allegations in Paragraph 1 consist entirely of legal conclusions to which no response is required. To the extent a response is required, Armstrong denies the allegations.

2. Admitted.

3. To the extent that Torrington may properly bring CERCLA claims concerning the National Oil Services Superfund Site at 16-20 Elm Street, West Haven, Connecticut (the "Site"), Armstrong admits that venue lies in the District of

Connecticut because the Site is located within this District. Armstrong denies each and every remaining allegation of Paragraph 3.

## THE PARTIES

4-13. Armstrong lacks sufficient knowledge or information to form a belief as to the allegations of Paragraphs 4-13, and therefore leaves Torrington to its proof.

14. Armstrong denies each and every allegation of Paragraph 14 as The Armstrong Rubber Company no longer exists. Armstrong was terminated by merger and the surviving company was later merged into Pirelli Tire LLC, a Delaware limited liability company with a place of business at 100 Pirelli Drive, Rome, Georgia.

15. Armstrong lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 15, and therefore leaves Torrington to its proof.

16. Armstrong admits that it owned and operated a tire manufacturing factory in West Haven, Connecticut, for several years until 1981. Armstrong denies each and every remaining allegation of Paragraph 16 as to itself. Armstrong lacks sufficient knowledge or information to form a belief concerning the allegations of Paragraph 16 as directed to the other third-party defendants, and therefore leaves Torrington to its proof.

17. Armstrong denies the allegations of Paragraph 17 as to itself for the reasons stated in Paragraph 14 above. Armstrong lacks sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 17, and therefore leaves Torrington to its proof.

## FACTUAL BACKGROUND

18-33. Armstrong lacks sufficient knowledge or information to form a belief as to the allegations of Paragraphs 18-33, and therefore leaves Torrington to its proof.

34. Armstrong denies each and every allegation of Paragraph 34.

35. Armstrong lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 35, and therefore leaves Torrington to its proof.

## CLAIM FOR RELIEF

36. Armstrong restates and incorporates its responses to Paragraphs 1-35 of the Complaint, inclusive, as if set forth herein.

37-39. Armstrong lacks sufficient knowledge or information to form a belief as to the allegations of Paragraphs 37-39, and therefore leaves Torrington to its proof.

40. Paragraph 40 states legal conclusions to which no response is required.

41. Armstrong denies the allegations of Paragraph 41 insofar as they are directed to Armstrong. Armstrong lacks sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 41, and therefore leaves Torrington to its proof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Torrington's claim under CERCLA § 113(f) is barred or limited to the extent that Torrington seeks to recover costs, damages or expenses other than necessary costs of "response" as defined by 42 U.S.C. § 9601(23), (24) & (25).

## SECOND AFFIRMATIVE DEFENSE

Torrington's claims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Torrington's claims are barred by the doctrines of estoppel and waiver.

## FOURTH AFFIRMATIVE DEFENSE

Torrington's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Any damages suffered by Torrington were caused wholly or in part by the actions or omissions of Torrington and its employees, agents or contractors. Torrington's conduct has exacerbated contamination at the Site, barring or reducing its damages. Any recovery that might be available against Armstrong is barred or must first be reduced proportionately by that part attributable to Torrington's conduct.

## SIXTH AFFIRMATIVE DEFENSE

Torrington has failed to take reasonable steps to mitigate its damages, if any, and as a result of such failure, Torrington's claims against Armstrong must be reduced, excused or discharged.

## SEVENTH AFFIRMATIVE DEFENSE

Torrington must bear the burden and cost of any "orphan shares."

## EIGTH AFFIRMATIVE DEFENSE

The conditions alleged in Torrington's Complaint, if true, were the result of superseding or intervening acts and omissions on the part of third parties over whom Armstrong did not exercise any discretion or control and, at all relevant times,

4

Armstrong has exercised due care and taken all reasonable precautions against such acts or omissions and their reasonably foreseeable consequences.

NINTH AFFIRMATIVE DEFENSE

Armstrong is not liable under CERCLA or otherwise to the extent any release or threat of release at issue in this action, and any injuries, costs, damages or expenses allegedly associated therewith for which Torrington seeks to recover, were caused solely by:

(1) an act of God; or

(2) an act or omission of a third party other than an employee or agent of Armstrong, or a person whose act or omission occurred in connection with a contractual relationship with Armstrong, and Armstrong (a) exercised due care with respect to any hazardous substance allegedly involved, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions; or

(3) a combination of the foregoing.

THIRD-PARTY DEFENDANT,
THE ARMSTRONG RUBBER CO.

By _____
Joseph P. Williams
Federal Bar No. ct14809
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
PHONE: (860) 251-5000
FAX: (860) 251-5600
E-MAIL: jwilliams@goodwin.com
Its Attorney

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Answer was mailed, postage prepaid, this 19th day of December, 2003, to:

David J. Monz, Esq.
Updike, Kelly & Spellacy, P.C.
265 Church Street
10th Floor
New Haven, CT 06510

Scott N. Koschwitz, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
*Counsel for defendant/third-party plaintiff The Torrington Company*

Attorney Catherine Adams Fiske
Environmental Enforcement Section
U. S. Department of Justice
One Gateway Center
Suite 616
Newton, MA 02458
*Counsel for plaintiff United States of America*

6

Bruce S. Gelber, Esq.
Lawrence W. Puckett, Esq.
Environmental Enforcement Section
Environment and Natural Resources Division
U. S. Department of Justice
P. O. Box 7611
Washington, DC 20044-7611
*Counsel for plaintiff United States of America*

John B. Hughes, Esq.
Assistant U. S. Attorney
U. S. Attorney's Office
157 Church Street, 23rd Floor
P. O. Box 1824
New Haven, CT 06510
*Counsel for plaintiff United States of America*

Attorney Katherine Ann Burroughs
Dechert Price & Rhoads
90 State House Square
Hartford, CT 06103
*Counsel for third-party defendant Carpenter Tech. Corp.*

Ikechukwu Umeugo, Esq.
Umeugo & Associates, P.C.
840 Orange Avenue
West Haven, CT 06516
*Counsel for defendants 16-20 Elm Street, Ralph Bello and Vera Bello*

Eric Lukingbeal, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
*Counsel for third-party defendant Pratt & Whitney*


                                         _____
                                         Joseph P. Williams

360537 v1