UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 12 P 12: 21
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff<br><br>V.<br><br>RALPH BELLO; VERA BELLO;<br>VERA ASSSOCIATES LIMITED<br>PARTNERSHIP; REAL PROPERTY<br>ADDRESSES AT 16-20 ELM STREET<br>WEST HAVEN, CONNECTICUT; and<br>THE TORRINGTON COMPANY,<br>　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 3:01 CV 1568(SRU)<br><br><br><br><br><br><br><br><br><br>April 9, 2004 |

### DEFENDANT RALPH BELLO; VERA BELLO; VERA ASSOCIATES LIMITED PARTNERSHIP; REAL PROPERTY ADDRESSED AT 16-20 ELM STREET WEST HAVEN, CONNECTICUT 'S RESPONSE MEMORANDUM OF LAW OBJECTING TO THE TORRINGTON COMPANY'S MOTION TO DISMISS

The Defendant, Ralph Bello, et al hereby objects to the Defendant, The Torrington Company's August 15, 2003 Motion to Dismiss and Motion for a More Definite Statement as to the Cross-Claim advanced by Ralph Bello, et al.

The Torrington Company's Motion specifically requests the following relief:

1.　　　dismissal of the Second Count of the Bello Defendants' Cross-Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), for failing to state a legal claim upon which relief may be granted;

2.　　　dismissal under Fed. R. Civ. P. 12(b)(6) of the portion of the First Count of the Bello Defendants' Cross-Claim that seek property damage, economic losses, future

  costs and investigative costs (First Count ¶¶ 17-22) for failure to state a legal claim for such losses upon which relief may be granted;

3.  dismissal under Fed. R. Civ. P. 12(b)(6) of the portion of the First Count of the Bello Defendants' Cross-Claim that is advanced pursuant to 42 U.S.C. § 9607 (a/k/a § 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") because relief may not be legally granted on that claim; and

4.  a more definite statement of the confusing and contradictory allegations of the First Count pursuant to Fed. R. Civ. P. 12(e).

Response by section to The Defendant The Torrington Company's memorandum:

A.  <u>Standard for a Motion to Dismiss</u>
  The Defendant, Ralph Bello et al. concurs with The Torrington Company.

B.  <u>The Second Count of the Bello Defendant's Cross-Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim upon which Relief may be Granted.</u>

  The Defendant Ralph Bello, et al. suggests that the facts as pled in their Second Count employ the common law doctrine of res ipsa loquitur, the thing speaks for itself. In *Giles* v. *New Haven*, <u>228 Conn. 441</u>, 636 A.2d 1335 (1994), the court reviewed the circumstances that must exist in order to entitle a plaintiff to a jury instruction on the doctrine of res ipsa loquitur. Traditionally, application of the doctrine required that three conditions be satisfied: "(I) [t]he situation, condition, or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction, inspection or user[;] (2) [b]oth inspection and user must have been at the

time of the injury in the control of the party charged with neglect[;] [and] (3) [t]he injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured." (Internal quotation marks omitted.) Id., 446.

The Defendants Ralph Bello, et al. assert that oil, whether contaminated or not, does not cause harm unless and until it is released from its containment. Further at the time the oil was presented to National Oil for storage, the Defendant The Torrington Company was in control of said oil but did not make any attempt to ascertain the presence of a valid permit to receive the oil. The parties were dealing in an extremely hazardous substance, requiring special permits.

While The Torrington Company may not have the obligation to physically inspect the storage disposal site and may not have been an agent for or of National Oil, they failed to meet the most basic of obligations to check at the gate the propriety of each delivery to what could as well have been a site with a bottomless tank that simply drained the oil into the ground and the Long Island Sound much in the fashion of the disposal methods of the 1940's.

C. <u>The Portions of the First Count of the Bello Defendants' Cross-Complaint that seek Property Damage and Economic Losses, Costs to be Incurred in the Future and Investigative Costs Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim upon which Relief may be Granted.</u>

D. <u>The Bello Defendants, as Potentially Responsible Parties under CERCLA, cannot maintain a Claim under 42 U.S.C. § 9707 (CERCLA § 107), and this portion of the First Count should be Dismissed.</u>

The Defendants Ralph Bello, et al. seek to recover damages they suffered as a result of the inability of the Governments (both State and Federal) to protect or aid them in seeking to avoid and

3

avert this affront to the environment. Mr. Bello alerted the Connecticut DEP and the Office of the Attorney General in an attempt to stop the illegal practices of National Oil and their customers. The Bello defendant's do assert their status as an innocent landowner in that they were powerless to maintain any control, either actual or contractual, over their tenant, National Oil, their customers, The Torrington nor the governments of Connecticut or the Untied States of America to stop the illegal accumulation of waste oil that ultimately resulted in the necessity of the clean up. The Defendants' Ralph Bello et al. were not able to effectuate any kind of contractual control or any control for that matter over National Oil.

A More Definite Statement

The contradictions alleged by The Torrington Company in its memorandum of law are mere variations of alleged facts that should, in either variety, be acceptable as true by the Court, as a factual allegation in the light most favorable to the plaintiff (Standard for a Motion to Dismiss). Should the Court not grant The Torrington Company's various Motions to Dismiss, the Defendants Ralph Bello, et al. will attempt to provide them with a more definitive statement.

CONCLUSION

The Defendant, The Torrington Company's Motion to Dismiss should be denied.

Respectfully submitted,

By: _____
PETER K. MANKO. ESQ
Federal Bar Number ct12905
Law Office of Peter K. Manko
PO Box 1278
Madison, CT 06443
Telephone Number (203) 245-2797

## CERTIFICATION

This to certify that a copy of the foregoing was mailed on April 10, 2004, postage prepaid, to the following:

Scott N. Koschwitz, Esq
Updike, Kelly & Spellacy, P.C
One State Street.
PO Box 231277
Hartford, CT 06123-1277

CATHERINE ADAMS FISKE, ESQ.
U.S. DEPT. OF JUSTICE
ENVIRONMENTAL ENFORCEMENT SECTION
ONE GATEWAY CENTER, SUITE 616
NEWTON, MA 02458

Lawrence W. Puckett
Environmental Enforcement Sec
Environmental and Nature Resources Div
U.S. Department of Justice
PO Box 7611
Washington, DC 20044-7611

Detroit Steel Corp.
650 Washington Road
Pittsburgh, PA 15228

Western Sand & Gravel, Inc.
368 Douglas Turnpike
Wyomissing, PA 19610

Kristin M. Hynd, Esq.
Dechert LLP-PA
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103

Gian-Mathew Ranelli, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

David J. Monz, Esq.
Updike, Kelly & Spellacy, P.C.
One Century Tower
265 Church Street, 10th fl
New Haven, CT 06510

JOHN B. HUGHES, ESQ.
ASSISTANT U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE
157 CHURCH STREET, 23RD FLOOR
NEW HAVEN, CT 06510

Catherine R. McCabe, Deputy Chief
Environmental Enforcement Section
Environmental and Nature Resources Division
U.S. Department of Justice
PO Box 7611
Washington, DC 20044-7611

Industrial Environmental Services, Inc.
785 Middle Street
Bristol, CT 06010

Katherine Ann Burroughs, Esq
Dechert Price & Rhoads
90 State House Square
Hartford, CT 06103

Michael A. Bogdonoff, Esq.
Dechert, Price & Rhoads
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Joseph P. Williams, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

MRM Industries, Inc.
c/o Fred A. Hitt, Esq.
350 South Main Street
Cheshire, CT 06410

Eric Lukingbeal, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Bridgeport Brass Co.
30 Grand Street
Bridgeport, CT 06604


By:_____
PETER K. MANKO. ESQ
Law Office of Peter K. Manko