IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:01 CV 1568 (SRU) |
| | ) | |
| RALPH BELLO; VERA BELLO; VERA | ) | |
| ASSOCIATES LIMITED PARTNERSHIP; | ) | |
| REAL PROPERTY ADDRESSED AT | ) | |
| 16-20 ELM STREET, WEST HAVEN, | ) | |
| CONNECTICUT; and THE | ) | |
| TORRINGTON COMPANY, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DETROIT STEEL CORPORATION; | ) | |
| INDUSTRIAL ENVIRONMENTAL | ) | |
| SERVICES, INC.; | ) | |
| PRATT & WHITNEY; | ) | |
| WESTERN SAND & GRAVEL; | ) | |
| CARPENTER TECHNOLOGY CORP.; | ) | |
| MRM INDUSTRIES, INC.; | ) | |
| ARMSTRONG RUBBER CO.; and | ) | |
| BRIDGEPORT BRASS CO., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**CONSENT DECREE**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 1 |
| III. | PARTIES BOUND | 1 |
| IV. | DEFINITIONS | 1 |
| V. | REIMBURSEMENT OF RESPONSE COSTS | 3 |
| VI. | COVENANTS BY PLAINTIFF | 5 |
| VII. | COVENANTS BY SETTLING DEFENDANTS | 5 |
| VIII. | EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION | 6 |
| IX. | RETENTION OF RECORDS | 7 |
| X. | NOTICES AND SUBMISSIONS | 8 |
| XI. | RETENTION OF JURISDICTION | 8 |
| XII. | INTEGRATION/APPENDICES | 8 |
| XIII. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 8 |
| XIV. | EFFECTIVE DATE | 9 |
| XV. | SIGNATORIES/SERVICE | 9 |
| XVI. | FINAL JUDGMENT | 9 |

i

## I. Background

A.    The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the National Oil Services, Inc. Site in West Haven, Connecticut ("the Site").

B.    The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint, nor do they acknowledge that the release or threatened release of hazardous substances at or from the Site constitutes an imminent or substantial endangerment to the public health or welfare or the environment.

C.    The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. Jurisdiction

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. Parties Bound

2.    This Consent Decree is binding upon the United States and upon the Settling Defendants and their heirs, successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV. Definitions

3.    Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

> "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

2

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"CRIS Account" shall mean the interest-bearing account established in this action by the Clerk of the United States District Court for the District of Connecticut, pursuant to Rule 67 of the Federal Rules of Civil Procedure, Local Rule 67 of the Local Civil Rules of the Connecticut District Court, and this Court's Order of March 5, 2004, which is attached hereto as Appendix A.

"Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

"Effective Date" shall mean the effective date of this Consent Decree as provided in Paragraph 25.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

"Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and the Settling Defendants.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through May 15, 2004, plus accrued Interest on all such costs through such date.

"Plaintiff" shall mean the United States.

"Section" shall mean a portion of this Consent Decree identified by a roman numeral.

"Settling Defendants" shall mean Ralph Bello; Vera Bello; Vera Associates Limited Partnership; and the real property addressed at 16-20 Elm Street, West Haven, Connecticut.

3

"Site" shall mean the National Oil Services, Inc. Site located at 16-20 Elm Street in the City of West Haven, Connecticut. The Site is situated on the west shore of the West River, adjoining New Haven Harbor and Long Island Sound. The Site is bounded to the north by Elm Street, to the south by the former Connecticut Refining Company, to the west by a furniture manufacturing company and to the east by the West River. The Site is depicted more clearly on the map included in Appendix B.

"United States" shall mean the United States of America, including all of its departments, agencies and instrumentalities, which includes without limitation, EPA and any federal natural resources trustees.

### V. Reimbursement of Response Costs

4.     Payments by Settling Defendants.

a. Upon entry of this Consent Decree and following the successful conclusion of any appeals of the entry of this Consent Decree, Settling Defendants shall pay to EPA from the CRIS Account in reimbursement of Past Response Costs one hundred fifty thousand dollars ($150,000), plus the interest on that amount earned in the CRIS Account calculated from March 19, 2004 (the date that the $150,000 was deposited in the CRIS Account) through the date of payment.

b. Following the final entry of the Consent Decree and the successful resolution of any appeals thereof, the United States shall apply to the Court for disbursement to be made as set forth in Paragraphs 4(a) from the CRIS Account. The Settling Defendants hereby consent to the application and agree to take such other reasonable steps as the United States may request in support of the application for disbursement of the funds.

c. Until such time as the United States applies for disbursement of the funds in the CRIS Account pursuant to Paragraph 4(b) of this Consent Decree, all funds paid into the CRIS Account shall remain in the CRIS Account and shall not be withdrawn by any person, unless the United States determines that it will not move to enter the Consent Decree, or the Court declines to enter this Consent Decree and/or the Court's entry of this Consent Decree is vacated on appeal, in which case the Settling Defendants shall move that all sums deposited in the CRIS Account shall be returned to the Settling Defendants, together with any interest that has accrued on each such amount, subject to the custodial fee of 10% of the interest earned on the account and any taxes owed thereon.

5.     The disbursement made from the CRIS Account to the United States pursuant to Paragraph 4 shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing Site Spill ID Number 015T, USAO File Number 2001V01172, and DOJ Case Number 90-11-3-07333.   Payments shall be made in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Connecticut following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next

4

business day. This Consent Decree shall be deemed an application for return of any miscellaneous schedule fee for the handling of registry funds deducted by the Clerk of the Court pursuant to Local Rule 67.1. Upon entry of this Decree, any such fee shall be restored to the United States in the disbursements to the United States provided for in Paragraph 4.

6.    The total amount to be paid to the United States pursuant to Paragraph 4 of this Consent Decree shall be deposited by EPA in the EPA Hazardous Substance Superfund.

## VI. Covenants by Plaintiff

7.    Settling Defendants. In consideration of the payments that will be made by the Settling Defendants under the terms of the Consent Decree, and except as specifically provided in Paragraph 8 (Reservation of Rights by the United States) of this Section, the United States covenants not to sue Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Paragraph 4. This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

8.    Reservation of Rights by the United States. The covenants set forth in Paragraph 7 (Settling Defendants) do not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all other matters, including but not limited to:

> a.    claims based on a failure by Settling Defendants to meet a requirement of this Consent Decree;
>
> b.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;
>
> c.    criminal liability;
>
> d.    liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606; and
>
> e.    liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs..

## VII. Covenants By Settling Defendants

9.    Covenant Not to Sue by Settling Defendants. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

> a.    any direct or indirect claim for reimbursement from the Hazardous Substance

Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.    any claim arising out of response actions at the Site for which Past Response Costs were incurred;

c.    any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs or any other law; and

d.    any claim for costs, fees or expenses incurred in this action or related to the Site, including claims under 28 U.S.C. § 2412 (Equal Access to Justice Act), as amended.

10.    Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## VIII. Effect of Settlement/Contribution Protection

11.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

12.    The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

13.    Each Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

14.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in

6

the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

15. Upon satisfaction of the Consent Decree obligations, and upon entry of the Consent Decree as a final judgment (with no further rights of appeal), and at the request of any Settling Defendant, the United States shall act within a reasonable time to remove any liens under Section 107(l) of CERCLA, 42 U.S.C. §9607(l), which it has placed on the Site.

## IX. Retention of Records

16. Until seven years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary.

17. After the conclusion of the document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such records or documents, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such records or documents to EPA. Settling Defendants may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of the author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted. However, no documents, reports, or other information created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all records and documents that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.

18. By signing this Consent Decree, each Settling Defendant certifies individually that, to the best of its knowledge and belief, it has:

   a. not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against the Settling Defendant regarding the Site; and

   b. to the extent received, fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

19. Nothing in this Consent Decree constitutes a covenant not to sue or to take action or

otherwise limits the ability of the United States to seek or obtain further relief from any Settling Defendant.

## X. Notices and Submissions

20. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below and on the Settling Defendants' signature pages, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, and the Settling Defendants, respectively.

*As to the United States/*DOJ:          Chief, Environmental Enforcement Section
                                           Environment and Natural Resources Division
                                           U.S. Department of Justice
                                           P.O. Box 7611
                                         Washington, D.C. 20044-7611
                                           Re: DJ # 90-11-3-1733

*As to EPA:*                         Martha Bosworth
                                             U.S. EPA - New England
                                           Office of Site Remediation and Restoration
                                           1 Congress Street, Suite 1100
                                           Boston, MA 02114-2023

*As to Settling Defendants:*           [See Signature Pages]

## XI. Retention of Jurisdiction

21. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XII. Integration/Appendices

22. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is this Court's Order of March 5, 2004, establishing the CRIS Account; and "Appendix B" is a map of the Site.

## XIII. Lodging and Opportunity for Public Comment

23. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or

inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

24. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIV. Effective Date

25. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XV. Signatories/Service

26. The undersigned representatives of the Settling Defendants and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

27. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

28. Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.

## XVI. Final Judgment

29. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

So Ordered this _____ Day of _____, 20____.


_____

United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello, et. al.*, relating to the National Oil Services, Inc. Site.

**FOR THE UNITED STATES OF AMERICA:**

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

5/8/04
Date

CATHERINE R. McCABE, Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division

CATHERINE ADAMS FISKE
Environmental Enforcement Section
Environment and Natural Resources Division
One Gateway Center – Suite 616
Newton, MA 02458
(617) 450-0444

10

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello, et. al.*, relating to the National Oil Services, Inc. Site.

**FOR THE U.S. ENVIRONMENTAL
PROTECTION AGENCY:**

5/17/04
Date

ROBERT W. VARNEY
Regional Administrator
U.S. Environmental Protection Agency, New England
One Congress Street
Boston, MA 02114-2023

5/13/04
Date

STEVEN SCHLANG
Senior Enforcement Counsel
U.S. Environmental Protection Agency, New England
One Congress Street
Boston, MA 02114-2023

11

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello, et. al.*, relating to the National Oil Services, Inc. Site.

For: __Ralph Bello_____

4.28.04
Date

Signature: __Ralph Bello_____
Name (print): __Ralph Bello_____
Title: __Owner_____
Address: __240 Orange Avenue_____
__West Haven, CT 06516__

Agent Authorized to Accept Notices on Behalf of Above-signed Party:

Name (print): __Peter K. Manko, Esq.__
Title: __Attorney_____
Address: __PO Box 1278_____
__141 Durham Rd., Ste 18__
__Madison, CT 06443__
Phone Number: __203-245-2797_____

[Note: To finalize the settlement, Mr. Bello and Mrs. Bello may sign on behalf of themselves. However, a lawyer must sign on behalf of the Real Property and the Partnership.]

12

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello, et. al.*, relating to the National Oil Services, Inc. Site.

For: <u>Vera Bello</u>

<u>5/1/04</u>
Date

Signature:
Name (print):    <u>Vera Bello</u>
Title:           <u>Owner</u>
Address:         <u>840 Orange Avenue</u>
                 <u>West Haven, CT 06516</u>

Agent Authorized to Accept Notices on Behalf of Above-signed Party:

Name (print):    <u>Peter K. Manko, Esq.</u>
Title:           <u>Attorney</u>
Address:         <u>PC Box 1278</u>
                 <u>141 Durham Road, Ste 18</u>
                 <u>Madison, CT 06443</u>
Phone Number:    <u>203-245-2797</u>

[Note: To finalize the settlement, Mr. Bello and Mrs. Bello may sign on behalf of themselves. However, a lawyer must sign on behalf of the Real Property and the Partnership.]

13

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello, et. al.*, relating to the National Oil Services, Inc. Site.

For: <u>Vera Associates Limited Partnership</u>

<u>4-28-04</u>
Date

Signature: _Peter K. Manko_
Name (print): <u>Peter K. Manko</u>
Title: <u>Attorney</u>
Address: <u>PO Box 1278</u>
<u>141 Durham Rd., Ste #18</u>
<u>Madison, CT 06443</u>

Agent Authorized to Accept Notices on Behalf of Above-signed Party:

Name (print): <u>Peter K. Manko, Esq.</u>
Title: <u>Attorney</u>
Address: <u>PO Box 1278</u>
<u>141 Durham Rd., Ste #18</u>
<u>Madison, CT 06443</u>
Phone Number: <u>203-245-2797</u>

[Note: To finalize the settlement, Mr. Bello and Mrs. Bello may sign on behalf of themselves. However, a lawyer must sign on behalf of the Real Property and the Partnership.]

14

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello, et. al.*, relating to the National Oil Services, Inc. Site.

For: <u>Property located At 16-20 Elm Street</u>
West Haven, CT

<u>4/28/07</u>
Date

Signature: _Peter K. Manko_
Name (print): <u>Peter K. Manko</u>
Title: <u>Attorney</u>
Address: <u>PO BOx 1278</u>
<u>141 Durham Rd., Ste #18</u>
<u>Madison, CT 06443</u>

Agent Authorized to Accept Notices on Behalf of Above-signed Party:

Name (print): <u>Peter K. Manko, Esq.</u>
Title: <u>Attorney</u>
Address: <u>PO Box 1278</u>
<u>141 Durham Rd., Ste #18</u>
<u>Madison, CT 06443</u>
Phone Number: <u>203-245-2797</u>

[Note: To finalize the settlement, Mr. Bello and Mrs. Bello may sign on behalf of themselves. However, a lawyer must sign on behalf of the Real Property and the Partnership.]

15

# Exhibit A

FEB 27 2

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2004 MAR -5 P 3 00

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL NO. 3:01 CV 1568 (SRU) |
| | ) |
| RALPH BELLO; VERA BELLO; VERA | ) |
| ASSOCIATES LIMITED PARTNERSHIP; | ) |
| REAL PROPERTY ADDRESSED AT | ) |
| 16-20 ELM STREET, WEST HAVEN, | ) |
| CONNECTICUT; and THE | ) |
| TORRINGTON COMPANY, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| DETROIT STEEL CORPORATION; | ) |
| INDUSTRIAL ENVIRONMENTAL | ) |
| SERVICES, INC.; | ) |
| PRATT & WHITNEY; | ) |
| WESTERN SAND & GRAVEL; | ) |
| CARPENTER TECHNOLOGY CORP.; | ) |
| MRM INDUSTRIES, INC.; | ) |
| ARMSTRONG RUBBER CO.; and | ) |
| BRIDGEPORT BRASS CO., | ) |
| | ) |
| Third-Party Defendants. | ) |

### ORDER GRANTING MOTION TO
### DEPOSIT SUM OF MONEY WITH THE COURT

The above-entitled cause having come before the Court upon the Motion of the United
States to Deposit Sum of Money with the Court pursuant to Fed. R. Civ. P. 67 and L.Civ.R. 67,
and the Court having considered the Motion,

NOW, THEREFORE, it is on this _____ day of _MAVA_, 20 _0Y_ ;

ORDERED that the Motion to Deposit Sum of Money with the Court shall be, and is
hereby, granted; it is

FURTHER ORDERED that such sum, to wit; One hundred fifty thousand dollars ($150,000), be deposited by the Clerk into the Registry of this Court and then, as soon as the business of his or her office allows, the Clerk shall deposit these funds into the interest-bearing Court Registry Account, pursuant to L.Civ.R. 67(d); it is

FURTHER ORDERED that sum of money so invested in the interest-bearing Court Registry Account shall remain on deposit until further order of this Court at which time the funds, together with interest thereon, shall be retrieved by the Clerk for disposition pursuant to the further order of the Court; it is

FURTHER ORDERED that, pursuant to L.Civ.R. 67(b)(3), the Custodian deduct a miscellaneous schedule fee for the handling of registry funds of 10% of the income earned on this account and each subsequent deposit of new principal so deposited while invested in the Court Registry Account, except that the fee deducted from any funds to be received by the United States shall be restored pursuant to the Notice of the Administrative Office of the United States Court published at 56 Fed. Reg. 56356-01 (November 4, 1991) and it is *SRU*.

FURTHER ORDERED that a certified copy of this Order shall be personally served by *SRU* upon the Clerk of this Court, the Chief Deputy Clerk, or upon the Chief Financial Deputy Clerk.

UNITED STATES DISTRICT JUDGE

2

# Exhibit B



NOTE:
MAP BASED ON DECEMBER 1997
PA/SI

NOT TO SCALE

## LEGEND

- ⊢×⊣⊢×⊣ FENCE WITH GATE
- ⬭ ABOVEGROUND STORAGE TANK (AST)
- ⋯⋯ UNDERGROUND STORAGE TANK (UST)
- ✦ MONITORING WELL (SCREENED INTERVAL UNKNOWN)
- ✳ RECOVERY WELL
- ▣ SUMP

## SITE DIAGRAM

### NATIONAL OIL SERVICES, INC.
### 16−20 ELM STREET
### WEST HAVEN, CONNECTICUT

WESTON®
MANAGERS   DESIGNERS/CONSULTANTS
REGION I SUPERFUND TECHNICAL ASSESSMENT AND RESPONSE TEAM

| TDD #: 98−05−0054 | DRAWN BY: W. SHAW | DATE: 8/11/98 |
|---|---|---|
| FILE NAME: R:\98010008\FIG2 | FIGURE 2 | SHEET 1 OF 2 |