IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:01 CV 1568 (SRU) |
| ) | |
| RALPH BELLO, et. al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| DETROIT STEEL CORPORATION, et. al., ) | |
| ) | |
| Third-Party Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
THE UNITED STATES' MOTION TO ENTER CONSENT DECREE
WITH RESPECT TO CERTAIN THIRD PARTY DEFENDANTS**

Plaintiff, the United States of America, respectfully submits this Memorandum in Support of its Motion to Enter the Consent Decree, which was lodged with this Court on August 24, 2004. The proposed Consent Decree ("Consent Decree" or "Settlement") resolves Plaintiff's claims against third party defendants Armstrong Rubber, Carpenter Technology, and Pratt & Whitney (collectively "Settling Defendants") under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq., with respect to the National Oil Services Superfund Site ("Site") in West Haven, Connecticut.

The Consent Decree requires the Settling Defendants to collectively pay $35,745.05 of the unreimbursed removal costs incurred by the United States Environmental Protection Agency ("EPA") related to the Site. This amount is in addition to the approximately $1.25 million recovered under prior settlements with over 400 large volume contributors of hazardous

substances at the Site, and four owner/operator defendants. The United States has also recently reached an agreement in principle with The Torrington Company for an additional $350,000. Once consummated by all the settling parties, and if approved by this Court, together these proposed settlements recover approximately $1.64 million – about 92% – of the approximate total of $1.77 million in costs EPA incurred related to the cleanup of the Site.[1]

On September 2, 2004, the United States published notice of the proposed Consent Decree in the Federal Register and initiated a 30-day public comment period. 69 Fed. Reg. 53736-37 (September 2, 2004). The comment period has concluded, and no comments were received.

Accordingly, the United States respectfully requests that the Court enter the Consent Decree because it is fair, reasonable, and consistent with the goals of CERCLA. As explained in more detail below, the settlement represents a fair compromise with the Settling Defendants who are paying a total of $35,745.05 to resolve their liability at the Site. This figure is based upon their volumetric contribution to the Site at the rate of 8.5 cents per gallon. This volumetric formula is identical to the volumetric formula used in the prior settlements with generator defendants that were entered and approved by the Court.[2] The Consent Decree is also modeled after those prior generator decrees and contains the same essential terms. Accordingly, the covenants and protections afforded by the three settlements are virtually identical. Therefore, the United States respectfully requests that this Court sign and enter the Decree and sign the

---

[1] This figure does not include $123,441.18 in prejudgment interest as of March 11, 2004.

[2] In United States v. A-1 Auto, Civ. Action No. 3:01CV1567, the consent decree was entered on December 17, 2002. In United States v. Franc Motors, 3:02CV0071, the consent decree was entered on September 19, 2002.

proposed Order attached to the Motion approving and entering the Decree as a final judgment pursuant to Federal Rules of Civil Procedure 54(b) and 58.

**Argument**

A.    The Court Should Enter the Decree

There is a "clear statutory policy in favor of encouraging settlements . . . particularly in an area where voluntary compliance by the parties . . . will contribute significantly toward ultimate achievement of statutory goals." Patterson v. Newspaper & Mail Deliverers' Union of New York, 514 F.2d 767, 771 (2d. Cir. 1975).

> Voluntary settlement of civil controversies is in high judicial favor. . .  When the effort [to settle] is successful, the parties avoid the expense and delay incidental to litigation of the issues; the court is spared the burdens of a trial and the preparation and proceedings that must forerun it.

Pennwalt Corp. v. Plough, Inc., 676 F.2d 77, 80 (3d Cir. 1982).

The policy in favor of encouraging settlements is particularly strong in CERCLA settlements, where cost recovery results in the reimbursement of funds used for clean up of hazardous waste sites. In re Acushnet River & New Bedford Harbor, 712 F. Supp. 1019, 1029 (D. Mass. 1989) (The "Congressional purpose is better served through settlements which provide funds to enhance environmental protection, rather than the expenditure of limited resources on protracted litigation").   The policy of CERCLA is to encourage settlements, especially where the government "has pulled the laboring oar in constructing the proposed settlement." United States v. Cannons Eng'g Corp., 899  F.2d 79, 84 (1st Cir. 1990).

Whether to approve the Decree is within the discretion of the Court.  The policy favoring settlement, however, "is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of [EPA]." Cannons, 720 F. Supp. 1027, 1035 (D. Mass. 1989),

aff'd, 899 F.2d 79 (1st Cir. 1990).  As the First Circuit dictates, "[t]he relevant standard, after all, is not whether the settlement is one which the court itself might have fashioned, or considers as ideal. . . ."  Cannons, 899 F.2d at 84.  "If a settlement were required to meet some judicially imposed platonic ideal, then, of course, the settlement would constitute not a compromise by the parties but judicial fiat.  Respect for litigants, especially the United States, requires the court to play a much more constrained role."  United States v. Rohm & Haas Co., 721 F. Supp. 666, 685 (D.N.J. 1989).  Furthermore, the reviewing Court may approve or reject the proposed Consent Decree, but the Court does not have the authority to modify the proposed Decree.  Cannons, 720 F.Supp. at 1036.

The Decree should be entered because it is fair, reasonable, and in the public interest.  See Conservation Law Foundation of New England, Inc. v. Franklin, 989 F.2d 54, 58 (1st Cir. 1993).  As discussed above, the Decree provides for the reimbursement of $35,745.05 in past response costs, and an overall recovery, of approximately 92% of the United States' response costs.  Accordingly, because the settlement is fair, reasonable and in the public interest, this Court should enter the Decree.

B.   The Decree Should Be Entered As A Final
     Judgment Because There Is No Just Reason For Delay

The United States moves that the Decree be signed by the Court and entered as a final judgment pursuant to Fed. R. Civ. P. 54(b) and 58.  See Decree, ¶ 32.  There are three requirements for entry of a final judgment pursuant to Rule 54.  First, the court must determine that the matter is a final judgment within the meaning of 28 U.S.C. § 1291.  Next, the court must determine that there is no "just reason" for delay.  Finally, the Court must identify the factors it relied upon in making its decision.  Consolidated Rail Corp. v. Fore River Ry. Co., 861 F.2d 322,

325 (1st Cir. 1988).

The standards for Rule 54 are met in this case. First, the Consent Decree constitutes a final judgment because it resolves "all liability of settling defendants on 'cognizable claim[s] for relief' brought by plaintiffs under CERCLA." United States v. Cannons Eng'g. Corp., 720 F.Supp. at 1053 (quoting Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980)). Thus, the Decree is a final judgment because it constitutes an ultimate disposition of the claims of the government as to the Settling Defendants. Id., (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). See also, Consolidated Rail v. Fore River, 861 F.2d at 325 (judgment is final where it "leaves nothing for the Court to do but execute the judgment" (citing Catlin v. United States, 324 U.S. 229, 233 (1945)).

Second, there is no just reason for delay. The payments made under the Consent Decree will replenish the Superfund, and the third party defendants are entitled to the contribution protection afforded by CERCLA under Section 113(f)(2) to parties who settle with the United States. 42 U.S.C. § 9613(f)(2). In addition, a final judgment "will advance the interests of judicial administration and public policy" and promote the statutory goal of providing the Settling Defendants with finality. Id.

Therefore, the standards for entry of a final judgment pursuant to Rule 54(b) have been met. This Court should not only approve and sign the Consent Decree, but also should enter it as a final judgment and identify the bases for its decision in accordance with Rules 54 and 58.

## Conclusion

The Consent Decree executed by the United States and the Settling Defendants is a fair and reasonable resolution of claims against the Settling Defendants, comports with the objectives

5

of CERCLA, and is in the public interest. There have been no public comments on the Decree, and no other showing that entry of the Decree is improper, inadequate or not in the public interest. The Court should defer to the agreements reached in the Decree, and enter the Decree as a final judgment.

        Respectfully Submitted,

        THOMAS L. SANSONETTI
        Assistant Attorney General
        Environment and Natural Resources Division


        _____/s/ C. A. Fiske_____
        CATHERINE ADAMS FISKE
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        One Gateway Center -- Suite 616
        Newton, MA 02458
        (617) 450-0444 (phone)
        (617) 450-0448 (fax)



        KEVIN J. O'CONNER
        United States Attorney
        District of Connecticut

        JOHN B. HUGHES
        Assistant United States Attorney
        U.S. Attorney's Office
        District of Connecticut
        Connecticut Financial Center
        157 Church Street
        New Haven, Connecticut  06510

OF COUNSEL:

STEVEN SCHLANG
Senior Enforcement Counsel
U.S. Environmental Protection Agency
Region I
One Congress Street, Suite 1100
Boston, MA  02114-2023

## Certificate of Service

    I hereby certify that the foregoing document was served this 5th day of October, 2004, by first class mail upon counsel of record in this matter.

                                              /s/ C. A. Fiske
                                         Catherine Adams Fiske