IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT 2004 NOV 15 P 2: 28

U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:01 CV 1568 (SRU) |
| | ) | |
| RALPH BELLO; VERA BELLO; VERA | ) | |
| ASSOCIATES LIMITED PARTNERSHIP; | ) | |
| REAL PROPERTY ADDRESSED AT | ) | |
| 16-20 ELM STREET, WEST HAVEN, | ) | |
| CONNECTICUT; and THE | ) | |
| TORRINGTON COMPANY, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DETROIT STEEL CORPORATION; | ) | |
| INDUSTRIAL ENVIRONMENTAL | ) | |
| SERVICES, INC.; | ) | |
| PRATT & WHITNEY; | ) | |
| WESTERN SAND & GRAVEL; | ) | |
| CARPENTER TECHNOLOGY CORP.; | ) | |
| MRM INDUSTRIES, INC.; | ) | |
| ARMSTRONG RUBBER CO.; and | ) | |
| BRIDGEPORT BRASS CO., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## CONSENT DECREE

TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 1 |
| III. | PARTIES BOUND | 1 |
| IV. | DEFINITIONS | 1 |
| V. | REIMBURSEMENT OF RESPONSE COSTS | 3 |
| VI. | FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE | 3 |
| VII. | COVENANTS BY PLAINTIFF | 5 |
| VIII. | COVENANTS BY SETTLING DEFENDANTS | 5 |
| IX. | EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION | 6 |
| X. | RETENTION OF RECORDS | 7 |
| XI. | NOTICES AND SUBMISSIONS | 8 |
| XII. | RETENTION OF JURISDICTION | 8 |
| XIII. | INTEGRATION/APPENDICES | 8 |
| XIV. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 8 |
| XV. | EFFECTIVE DATE | 9 |
| XVI. | SIGNATORIES/SERVICE | 9 |
| XVII. | FINAL JUDGMENT | 9 |

## I. Background

A.    The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed an amended complaint in this matter against, *inter alia*, defendant The Torrington Company ("Torrington"), pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the National Oil Services, Inc. Site in West Haven, Connecticut ("the Site").  Defendant Torrington named several third party defendants, including Armstrong Rubber Co.; Carpenter Technology Corporation; and Pratt & Whitney (the "Settling Defendants"), in an action for contribution pursuant to Section 113 of CERCLA, seeking reimbursement of response costs incurred in connection with the Site.

B.    The Settling Defendants do not admit any liability to Plaintiff or to Torrington arising out of the transactions or occurrences alleged in the complaint, nor do they acknowledge that the release or threatened release of hazardous substances at or from the Site constitutes an imminent or substantial endangerment to the public health or welfare or the environment.

C.    The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. Jurisdiction

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants.  Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. Parties Bound

2.    This Consent Decree is binding upon the United States and upon Settling Defendants: Armstrong Rubber Co., Carpenter Technology Corporation, and Pratt & Whitney, and their successors and assigns.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV. Definitions

3.    Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed

below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

"Effective Date" shall mean the effective date of this Consent Decree as provided in Paragraph 28.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

"Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and the Settling Defendants.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through May 1, 2004, plus accrued Interest on all such costs through such date.

"Plaintiff" shall mean the United States.

"Section" shall mean a portion of this Consent Decree identified by a roman numeral.

"Settling Defendants" shall mean Armstrong Rubber Co., Carpenter Technology Corporation, and Pratt & Whitney.

"Site" shall mean the National Oil Services, Inc. Site located at 16-20 Elm Street in the City of West Haven, Connecticut. The Site is situated on the west shore of

the West River, adjoining New Haven Harbor and Long Island Sound. The Site is bounded to the north by Elm Street, to the south by the former Connecticut Refining Company, to the west by a furniture manufacturing company and to the east by the West River. The Site is depicted more clearly on the map included in Appendix A.

"United States" shall mean the United States of America, including all of its departments, agencies and instrumentalities, which includes without limitation, EPA and any federal natural resources trustees.

## V. Reimbursement of Response Costs

4.    Payments by Settling Defendants.

a.    Within 30 days of entry of this Consent Decree, each Settling Defendant shall pay to the EPA Hazardous Substance Superfund the payment attributed to such Settling Defendant, as set forth in Appendix B, in reimbursement of Past Response Costs, plus an additional sum for Interest on that amount calculated from the date of lodging of the Consent Decree through the date of payment. Except for payments covered by Paragraph 4(b), each required payment shall be made by certified or cashier's check made payable to "U.S. Department of Justice," referencing the name and address of the party making payment, the EPA Region and Site Spill ID Number 015T, USAO File Number 2001V01172, and DOJ Case Number 90-11-3-07333. Settling Defendants shall send the check[s] to:

> Financial Litigation Unit
> U.S. Attorney's Office for the District of Connecticut
> 157 Church Street
> New Haven, CT 06510

Settling Defendants shall send notice that such payment has been made to EPA and DOJ in accordance with Section XI (Notices and Submissions).

b.    Payments Greater than $10,000.  If any payment required by Paragraph 4(a) is greater than $10,000, payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2001V01172, the EPA Region and Site Spill ID Number 015T, and DOJ Case Number 90-11-3-07333. Payment shall be made in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Connecticut following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day. Settling Defendants shall send notice to EPA and DOJ that payment has been made in accordance with Section XI (Notices and Submissions).

## VI. Failure to Comply with Requirements of Consent Decree

5.   Interest on Late Payments.  In the event that any payment required by Paragraph 4 (Payments by Settling Defendants) or Paragraph 6 (Stipulated Penalty), is not received when due, Interest shall continue to accrue on the unpaid balance through the date of payment.

6.   Stipulated Penalty.

   a.   If any amount payable by a Settling Defendant pursuant to Paragraph 4 is not paid by the required date, such Settling Defendant shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 5, $250 per violation per day that such payment is late.

   b.   Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be made by cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

   U.S. Environmental Protection Agency

   Region I Superfund

   Attn: Hazardous Substance Superfund Accounting

   P.O. Box 360197M

   Pittsburgh, PA 15251

   c.   All payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the party making payment, the EPA Region and Site Spill ID Number 015T, USAO File Number 2001V01172, and DOJ Case Number 90-11-3-07333.  Copies of check(s) paid pursuant to this Paragraph, and any accompanying transmittal letter(s), shall be sent to EPA and DOJ as provided in Section XI (Notices and Submissions).

   d.   Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

7.   If the United States brings an action to enforce this Consent Decree with respect to a Settling Defendant, such Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

-4-

8.  Payments made under Paragraphs 5 through 7 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of a Settling Defendant's failure to comply with the requirements of this Consent Decree.

9.  Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, provide for an extension of the payment date in Paragraph 4 or waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

## VII. Covenants by Plaintiff

10. Settling Defendants. In consideration of the payments that will be made by the Settling Defendants under the terms of the Consent Decree, and except as specifically provided in Paragraph 11 (Reservation of Rights by the United States) of this Section, the United States covenants not to sue Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Paragraph 4, Paragraph 5 (Interest on Late Payments) and Paragraph 6 (Stipulated Penalty). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

11. Reservation of Rights by the United States. The covenants set forth in Paragraph 10 (Settling Defendants) do not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all other matters, including but not limited to:

    a.  claims based on a failure by Settling Defendants to meet a requirement of this Consent Decree;

    b.  liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

    c.  criminal liability;

    d.  liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606; and

    e.  liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs.

## VIII. Covenants By Settling Defendants

12. Covenant Not to Sue by Settling Defendants. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

   a.   any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

   b.   any claim arising out of response actions at the Site for which the Past Response Costs were incurred;

   c.   any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs or any other law; and

   d.   any claim for costs, fees or expenses incurred in this action or related to the Site, including claims under 28 U.S.C. § 2412 (Equal Access to Justice Act), as amended.

13. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

14. Each Settling Defendant agrees not to assert any claims and to waive all claims or causes of action that it may have for "matters addressed" in this Consent Decree, including for contribution, against any person where the person's liability to Settling Defendant with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site.

### IX. Effect of Settlement/Contribution Protection

15. Except as provided in Paragraph 14, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

16. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

17. Each Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

18. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## X. Retention of Records

19. Until seven years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary.

20. After the conclusion of the document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such records or documents, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such records or documents to EPA. Settling Defendants may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of the author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted. However, no documents, reports, or other information created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all records and documents that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.

21. By signing this Consent Decree, but without admitting that any of its waste was sent to the Site, each Settling Defendant certifies individually that, to the best of its knowledge and belief, it has:

   a. conducted a thorough, comprehensive, good faith search for documents and information, and neither possesses nor knows of other documents or information which would indicate that the Settling Defendant has contributed to the Site, or otherwise arranged for disposal at the Site, a higher volume of waste than is indicated in Appendix B;

   b. not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding

-7-

the Site, after notification of potential liability or the filing of a suit against the Settling Defendant regarding the Site; and

c.    to the extent received, fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

22.    Nothing in this Consent Decree constitutes a covenant not to sue or to take action or otherwise limits the ability of the United States to seek or obtain further relief from any Settling Defendant, and this Consent Decree and the covenants not to sue in Paragraph 10, above, of this Consent Decree are null and void, if the Settling Defendant has made any material misrepresentations in the certifications made pursuant to Paragraph 21 of this Consent Decree.

## XI.  Notices and Submissions

23.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below and on the Settling Defendants' signature pages, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, and the Settling Defendants, respectively.

*As to the United States*/DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ # 90-11-3-1733

*As to EPA*:

Martha Bosworth
U.S. EPA - New England
Office of Site Remediation and Restoration
1 Congress Street, Suite 1100
Boston, MA  02114-2023

*As to Settling Defendants*:

[See Signature Pages]

## XII.  Retention of Jurisdiction

24.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIII.  Integration/Appendices

25.    This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations,

agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is a map of the Site. "Appendix B" is the complete list of parties eligible for this settlement and their respective settlement payments.

## XIV. Lodging and Opportunity for Public Comment

26. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

27. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV. Effective Date

28. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XVI. Signatories/Service

29. Each undersigned representative of a Settling Defendant to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

30. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

31. Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII. Final Judgment

32. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this

judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS _15th_ DAY OF _November_, 20 _04_.

_Stefan R. Underhill_
United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello*, relating to the National Oil Services, Inc. Site.

**FOR THE UNITED STATES OF AMERICA:**

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

8/3/04
Date

CATHERINE R. McCABE, Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division

CATHERINE ADAMS FISKE
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
One Gateway Center – Suite 616
Newton, MA 02458
(617) 450-0444

-11-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello*, relating to the National Oil Services, Inc. Site.

FOR THE U.S. ENVIRONMENTAL
PROTECTION AGENCY:

8-18-04
Date

ROBERT W. VARNEY
Regional Administrator
U.S. Environmental Protection Agency, New England
One Congress Street
Boston, MA 02114-2023

8-18-04
Date

STEVEN SCHLANG
Senior Enforcement Counsel
U.S. Environmental Protection Agency, New England
One Congress Street
Boston, MA 02114-2023

-12-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Franc Motors*, relating to the National Oil Services, Inc. Site.

FOR:      *United Technologies Corp.*
          *Pratt & Whitney Division*

6/4/04
Date

Signature:      *E. Allefus*
Name (print):   *Eric Alletzhauser*
Title:          *Assistant Counsel*
Address:        *United Technologies Corp*
                *Pratt & Whitney Division*
                *400 Main Street*
                *E. Hartford, CT 06108*

Agent Authorized to Accept Notices on Behalf of Above-signed Party:

Name (print):   Eric Lukingbeal
Title:          Esquire
Address:        Robinson & Cole LLP
                280 Trumbull Street
                Hartford, CT  06103

Phone Number:   860 275-8243

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello*, relating to the National Oil Services, Inc. Site.

FOR:       Pirelli Tire LLC, successor by merger to The Armstrong Rubber Company

06/25/04
Date

Signature:
Name (print):    Nicola Melillo
Title:         Vice President Finance and CFO
Address:     Pirelli Tire LLC
             100 Pirelli Avenue
             Rome, GA 30161

Agent Authorized to Accept Notices on Behalf of Above-signed Party:

Name (print):    Joseph P. Williams
Title:         Attorney
Address:     Shipman & Goodwin LLP
             One Constitution Plaza
             Hartford, CT 06103-1919
Phone Number:   (860) 251-5000
Fax Number:     (860) 251-5318

374281 v.01

SHIPMAN & GOODWIN
RECEIVED

JUN 2 8 2004

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Bello, et al.*, relating to the National Oil Services, Inc. Site.

FOR:          Carpenter Technology Corporation

6/24/04

Date

Signature:

Name (print)    Kristin M. Hynd, Esquire

Title:         Attorney

Address:     Dechert LLP

1717 Arch Street

4000 Bell Atlantic Tower

Philadelphia, PA   19103

Agent Authorized to Accept Notices on Behalf of Above-signed Party:

Name (print)    David A. Christiansen, Esquire

Title:         General Counsel

Address:     Carpenter Technology Corporation

P.O. Box 14662

Reading, PA   19612-4662



APPENDIX A

SITE

NEW HAVE

HARBOR

Sandy Pt

WEST HAVEN

BASE MAP IS A PORTION OF THE FOLLOWING 7.5 MINUTE SERIES U.S.G.S. QUADRANGLE(S):
WEST HAVEN, CT. 1967. PHOTOREVISED 1972 - 1:24,000

1/2          0          1 MILE

1000   0   1000   2000   3000   4000   5000   6000   7000 FEET

QUADRANGLE LOCATION

LOCATION MAP

NATIONAL OIL SERVICES, INC.
16-20 ELM STREET
WEST HAVEN, CONNECTICUT

WESTON
MANAGERS   DESIGNERS/CONSULTANTS
REGION 1 SUPERFUND TECHNICAL ASSESSMENT AND RESPONSE TEAM

| TCD /           | DRAWN BY | DATE |
|-----------------|----------|------|
| 98-05-0054      | W. SHAW  | 8/98 |

FILE NAME
P 98010008 FIG1

FIGURE 1

**APPENDIX B**

| Defendant | Volume | Payment Owed |
|---|---|---|
| Armstrong Rubber | 17,000 | $1,445.00 |
| Carpenter Technology | 307,630 | $26,148.55 |
| Pratt & Whitney | 95,900 | $8,151.50 |