IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:01 CV 1568 (SRU) |
| ) | |
| RALPH BELLO; VERA BELLO; VERA ) | |
| ASSOCIATES LIMITED PARTNERSHIP; ) | |
| REAL PROPERTY ADDRESSED AT ) | |
| 16-20 ELM STREET, WEST HAVEN, ) | |
| CONNECTICUT; and THE ) | |
| TORRINGTON COMPANY, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| DETROIT STEEL CORPORATION; ) | |
| INDUSTRIAL ENVIRONMENTAL ) | |
| SERVICES, INC.; ) | |
| PRATT & WHITNEY; ) | |
| WESTERN SAND & GRAVEL; ) | |
| CARPENTER TECHNOLOGY CORP.; ) | |
| MRM INDUSTRIES, INC.; ) | |
| ARMSTRONG RUBBER CO.; and ) | |
| BRIDGEPORT BRASS CO., ) | |
| ) | |
| Third-Party Defendants. ) | |

**CONSENT DECREE**

## I. Background

A.   The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed an amended complaint in this matter against defendants Ralph Bello, Vera Bello, Vera Associates Limited Partnership, and the Real Property Addressed at 16-20 Elm Street, West Haven, Connecticut (collectively "the Bello Defendants") and defendant The Torrington Company ("Torrington"), pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the National Oil Services, Inc. Site in West Haven, Connecticut ("the Site"). Defendant Torrington named several third party defendants in an action for contribution pursuant to Section 113 of CERCLA, seeking reimbursement of response costs incurred in connection with the Site. The United States has lodged a proposed consent decree with the viable third party defendants named by Torrington. On July 29, 2004, the Court approved the United States' consent decree with the Bello Defendants.

B.   On February 18, 2003, Ingersoll Rand Company ("Ingersoll-Rand") sold Torrington to The Timken Company ("Timken"). The Purchase and Sale Agreement provides, *inter alia*, that Ingersoll-Rand shall indemnify Timken and its affiliates for any pre-sale environmental liabilities with respect to the Site. Timken changed the name of Torrington to Timken U.S. Corporation ("Timken U.S.").

C.   Ingersoll-Rand and Timken U.S.(the "Settling Defendants") hereby enter into this Consent Decree and do not admit any liability to Plaintiff, to the Bello Defendants, or to any third-party defendant in this action arising out of the transactions or occurrences alleged in the complaint, nor do the Settling Defendants acknowledge that there was a release or threatened release of hazardous substances at or from the Site, or that any such release or threatened release at or from the Site constitutes an imminent or substantial endangerment to the public health or welfare or the environment.

D.   The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. Jurisdiction

1.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over the Settling Defendants. The Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III. Parties Bound

2. This Consent Decree is binding upon and inures to the benefit of the United States and upon Settling Defendants, Ingersoll-Rand and Timken U.S., and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Settling Defendants under this Consent Decree.

### IV. Definitions

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

   "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

   "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

   "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

   "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

   "Effective Date" shall mean the effective date of this Consent Decree as provided in Paragraph 28.

   "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

   "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

   "Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

   "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

   "Parties" shall mean the United States and the Settling Defendants.

   "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA, or DOJ on behalf of EPA, or any private party, including

2

the Bello Defendants, has paid at or in connection with the Site through the Effective Date, plus accrued Interest on all such costs through such date.

"Plaintiff" shall mean the United States.

"Section" shall mean a portion of this Consent Decree identified by a roman numeral.

"Settling Defendants" shall mean Ingersoll-Rand Company and Timken U.S. Corporation (f/k/a The Torrington Company).

"Site" shall mean the National Oil Services, Inc. Site located at 16-20 Elm Street in the City of West Haven, Connecticut. The Site is situated on the west shore of the West River, adjoining New Haven Harbor and Long Island Sound. The Site is bounded to the north by Elm Street, to the south by the former Connecticut Refining Company, to the west by a furniture manufacturing company and to the east by the West River. The Site is depicted more clearly on the map included in Appendix A.

"United States" shall mean the United States of America, including all of its departments, agencies and instrumentalities, which includes without limitation, EPA and any federal natural resources trustees.

## V. Reimbursement of Response Costs

4.  Payments by Settling Defendant Ingersoll-Rand.

Within 30 days of entry of this Consent Decree, Settling Defendant Ingersoll-Rand shall pay to the EPA Hazardous Substance Superfund three hundred fifty thousand dollars ($350,000) in reimbursement of Past Response Costs, plus an additional sum for Interest on that amount calculated from the date of lodging of the Consent Decree through the date of payment. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2001V01172, the EPA Region and Site Spill ID Number 015T, and DOJ Case Number 90-11-3-07333. Payment shall be made in accordance with instructions provided to Settling Defendant Ingersoll-Rand by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Connecticut following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day. Settling Defendant Ingersoll-Rand shall send notice to EPA and DOJ that payment has been made in accordance with Section XI (Notices and Submissions).

## VI. Failure to Comply with Requirements of Consent Decree

5.  Interest on Late Payments. In the event that any payment required by Paragraph 4 (Payments by Settling Defendant) or Paragraph 6 (Stipulated Penalty), is not received when due, Interest shall accrue on the unpaid balance through the date of payment.

6.  Stipulated Penalty.

    a.  If any amount payable by the Settling Defendant Ingersoll-Rand pursuant to Paragraph 4 is not paid by the required date, Settling Defendant Ingersoll-Rand shall pay

3

to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 5, $250 per violation per day that such payment is late.

b.   Stipulated penalties are due and payable within 30 days of the date of the written demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be made by cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

> U.S. Environmental Protection Agency
>
> Region I Superfund
>
> Attn: Hazardous Substance Superfund Accounting
>
> P.O. Box 360197M
>
> Pittsburgh, PA 15251

c.   All payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the party making payment, the EPA Region and Site Spill ID Number 015T, USAO File Number 2001V01172, and DOJ Case Number 90-11-3-07333. Copies of check(s) paid pursuant to this Paragraph, and any accompanying transmittal letter(s), shall be sent to EPA and DOJ as provided in Section XI (Notices and Submissions).

d.   Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant Ingersoll-Rand of the violation or made a demand for payment, but need only be paid upon written demand as provided by Section XI (Notices and Submissions). All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

7.  If the United States brings an action to enforce this Consent Decree, the Settling Defendant Ingersoll-Rand shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

8.  Payments made under Paragraphs 5 through 7 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

9.  Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, provide for an extension of the payment date in Paragraph 4 or waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

## VII.   Covenants by Plaintiff

10.  <u>Settling Defendants</u>. In consideration of the payment that will be made by the Settling Defendant Ingersoll-Rand under the terms of the Consent Decree, and except as specifically provided in Paragraph 11 (Reservation of Rights by the United States) of this Section, the United States covenants not to sue Settling Defendants pursuant to Section

4

107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Paragraph 4, Paragraph 5 (Interest on Late Payments) and Paragraph 6 (Stipulated Penalty). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

11. <u>Reservation of Rights by the United States</u>. The covenants set forth in Paragraph 10 (Settling Defendants) do not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all other matters, including but not limited to:

   a. claims based on a failure by a Settling Defendant to meet a requirement of this Consent Decree;

   b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

   c. criminal liability;

   d. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606; and

   e. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs.

## VIII. <u>Covenants By Settling Defendants</u>

12. <u>Covenant Not to Sue by Settling Defendants</u>. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

   a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

   b. any claim arising out of response actions at the Site for which the Past Response Costs were incurred;

   c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs or any other law; and

   d. any claim for costs, fees or expenses incurred in this action or related to Past Response Costs, including claims under 28 U.S.C. § 2412 (Equal Access to Justice Act), as amended.

13. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

14. Settling Defendants agree not to assert any claims and to waive all claims or causes of action that such Settling Defendant(s) may have for "matters addressed" in this Consent Decree, including for contribution, against any person where the person's liability to such Settling Defendant(s) with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site; provided however that the waiver in this Paragraph 14 shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling Defendant, and further provided that this waiver shall not apply to contractual claims against any person.

## IX. Effect of Settlement/Contribution Protection

15. Except as provided in Paragraph 14, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

16. The Parties agree, and by entering this Consent Decree this Court finds, that the Settling Defendants are entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

17. Settling Defendants agree that, with respect to any suit or claim for contribution brought by Settling Defendant(s) for matters related to this Consent Decree, Settling Defendant(s) will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendants also agree that, with respect to any suit or claim for contribution brought against either Settling Defendant for matters related to this Consent Decree, such Settling Defendant will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, such Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

18. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## X. Retention of Records

19. Until four years after the entry of this Consent Decree, Settling Defendants shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary.

20. Upon written request by EPA or DOJ made within four years after the entry of this Consent Decree as provided by Section XI (Notices and Submissions), Settling Defendants shall deliver any such records or documents to EPA. Settling Defendants may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If either Settling Defendant asserts such a privilege, such Settling Defendant shall provide Plaintiff with the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of the author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted. However, no documents, reports, or other information created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiff in redacted form to mask the privileged information only. A Settling Defendant shall retain all records and documents that such Settling Defendant claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.

21. By signing this Consent Decree, but without admitting that any of its waste was sent to the Site, each Settling Defendant certifies individually that, to the best of its knowledge and belief, it has:

    a. conducted a thorough, comprehensive, good faith search for documents and information, and neither possesses nor knows of other documents or information which would indicate that the Torrington has contributed to the Site, or otherwise arranged for disposal at the Site, a higher volume of waste than 3,882,355 gallons;

    b. not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against such Settling Defendant regarding the Site; and

    c. fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

22. Nothing in this Consent Decree constitutes a covenant not to sue or to take action or otherwise limits the ability of the United States to seek or obtain further relief from Settling Defendants, and this Consent Decree and the covenants not to sue in Paragraph 10, above, of this Consent Decree are null and void as to a Settling Defendant, if such

7

Settling Defendant has made any material misrepresentations in the certifications made pursuant to Paragraph 21 of this Consent Decree.

## XI. Notices and Submissions

23. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below and on the Settling Defendants' signature pages, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, and the Settling Defendants, respectively.

*As to the United States*/DOJ:  Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-3-1733

*As to EPA*:  Martha Bosworth
U.S. EPA - New England
Office of Site Remediation and Restoration
1 Congress Street, Suite 1100
Boston, MA 02114-2023

*As to Settling Defendants*:  [See Signature Pages]

## XII. Retention of Jurisdiction

24. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIII. Integration/Appendices

25. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is a map of the Site.

## XIV. Lodging and Opportunity for Public Comment

26. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or

27. inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

27. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV. Effective Date

28. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XVI. Signatories/Service

29. The undersigned representative of the Settling Defendants and the Deputy Section Chief for the Environmental Enforcement Section of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

30. Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

31. Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII. Final Judgment

32. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 58.

SO ORDERED THIS _____ DAY OF _____, 20____.

_____
United States District Judge

9

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello*, relating to the National Oil Services, Inc. Site.

**FOR THE UNITED STATES OF AMERICA:**

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

2/7/05
Date

CATHERINE R. McCABE, Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division

CATHERINE ADAMS FISKE
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
One Gateway Center – Suite 616
Newton, MA 02458
(617) 450-0444

—10—

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello*, relating to the National Oil Services, Inc. Site.

FOR THE U.S. ENVIRONMENTAL
PROTECTION AGENCY:

2/1/05
Date

ROBERT W. VARNEY
Regional Administrator
U.S. Environmental Protection Agency, New England
One Congress Street
Boston, MA  02114-2023

1/31/05
Date

STEVEN SCHLANG
Senior Enforcement Counsel
U.S. Environmental Protection Agency, New England
One Congress Street
Boston, MA  02114-2023

-11-

-12-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello*, relating to the National Oil Services, Inc. Site.

FOR: __Timken US Corporation__

/-4-05
Date

Signature: *William R. Burkhart*
Name (print): William R. Burkhart
Title: Senior VP & General Counsel
Address: 1835 Dueber Avenue S.W.
Canton, OH  44706-2798

Agent Authorized to Accept Notices on Behalf of Above-signed Party:

Name (print): William R. Burkhart
Title: Senior VP & General Counsel
Address: 1835 Dueber Avenue S.W.
Canton, OH  44706-2798

Phone Number: (330) 471-3002

-12-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Ralph Bello*, relating to the National Oil Services, Inc. Site.

FOR: Ingersoll-Rand Company

Date: 12/24/04

Signature: /s/ Patricia Nachtigal
Name (print): Patricia Nachtigal
Title: V.P. + General Counsel
Address: 155 Chestnut Ridge Road
Montvale, NJ 07645

Agent Authorized to Accept Notices on Behalf of Above-signed Party:

Name (print): Aaron Kleinbaum
Title: Asst. General Counsel, Dir. ESH
Address: 155 Chestnut Ridge Rd.
Montvale, NJ 07645

Phone Number: 201-573-3233

-13-